IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT SUNDIN, on behalf of himself and a class, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| STELLAR RECOVERY, INC., and DOES 1-10, | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Robert Sundin brings this action to secure redress from unlawful practices engaged in by defendant Stellar Recovery, Inc.

2. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

3. The TCPA restricts the use of automated equipment to dial cellular telephones.

4. The ICFA prohibits unfair acts and practices in trade and commerce.

### VENUE AND JURISDICTION

5. This Court has subject matter jurisdiction under 28 U.S.C. §§1331, 1337 and 1367. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

6. Venue and personal jurisdiction in this District are proper because:

    (1) Defendant's collection communications were received by plaintiff within this District;

    (2) Defendant transacts business within this District.

### PARTIES

7. Plaintiff Robert Sundin is an individual who resides in the Northern District of

1

Illinois.

8. Defendant Stellar Recovery, Inc. is a Florida corporation with principal offices located at 4500 Salisbury Road, Suite 105, Jacksonville, Florida 32246. Its registered agent and office is Business Filings Incorporated, 600 South Second Street, Suite 103, Springfield, Illinois 62704.

9. Stellar Recovery, Inc. is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

10. Defendants Does 1-10 are other individuals or entities involved in the conduct complained of herein.

## FACTS

11. Defendant has been attempting to contact someone named "Candace Grandberry" for the purpose of collecting a debt. There is no one with that name residing with plaintiff.

12. Since December 13, 2012, plaintiff had received an automated call from defendant on his cell phone, including at least the one set forth below. The calls used a recorded or artificial voice.

13. On or about December 13, 2012, plaintiff received the following message:

**Candace Grandberry, please hang up or disconnect. If you are Candace Grandberry, please continue to listen to this message. There will now be a 3 second pause in this message. By continuing to listen to this message, you acknowledge that you are Candace Grandberry. You should not listen to this message so that other people can hear it, as it contains personal and private information. There will now be 3 second pause in this message to allow your to listen to this message in private, This is Stellar Recovery, Inc. at (866) 860-8796. This communication is from a debt collector. This is an attempt to collect a debt, any information obtained will be used for that purpose. Please contact me about an important business matter at (866) 860-8796.**

14. The number (866) 860-8796 is used by defendant.

15. Plaintiff's outgoing message on his cell phone states that the phone number belongs to Robert Sundin.

16. In addition to using an artificial or recorded voice, on information and belief the calls were placed using predictive dialers. The predictive dialers place calls without human

intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector.

17. Plaintiff did not authorize the automated placement of calls to his cell phone.

18. Plaintiff did not furnish his cell phone number to defendant.

19. Plaintiff and each class member is entitled to statutory damages.

20. Defendants violated the TCPA even if their actions were only negligent.

21. Defendants should be enjoined from committing similar violations in the future.

### COUNT I – TCPA

22. Plaintiff incorporates paragraphs 1-21.

23. The TCPA, 47 U.S.C. §227, provides:

   **§ 227. Restrictions on use of telephone equipment**

   **. . . (b) Restrictions on use of automated telephone equipment.**

   **(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**

   **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–**

   **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .**

24. The TCPA, 47 U.S.C. §227(b)(3), further provides:

   **Private right of action.**

   **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

   **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

   **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

>    **(C) both such actions.**
>
>    **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

25.     Defendant violated the TCPA by placing automated calls to plaintiff's cell phone.

## CLASS ALLEGATIONS

26.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with United States cellular numbers, (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) received automated calls from defendant (d) where defendant's records do not show that the person provided the number to the defendant or the original creditor (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call).

27.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

28.     Automated dialing equipment costs thousands of dollars, and it would not make sense to acquire it unless it is used for large volumes of calls.

29.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

>    (1)     Whether defendants engaged in a pattern of using automated equipment to place calls to cellular telephones;
>
>    (2)     The manner in which defendants obtained the cell phone numbers;
>
>    (3)     Whether defendants thereby violated the TCPA.

30.     Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual theories.

31.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has

retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

32. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

33. Several courts have certified class actions under the TCPA. *Balbarin v. North Star Capital Acquisition, LLC*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D.Ill., January 5, 2011) (cell phone); *Mitchem v. Illinois Collection Serv.*, 09 C 7274, 2011 U.S. Dist. LEXIS 714 (N.D.Ill., January 3, 2011) (cell phone); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc.*, 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1$_{st}$ Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1$_{st}$ Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010); *Travel 100 Group, Inc. v.*

5

*Empire Cooler Service, Inc.*, 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000); *Gortho, Ltd., v. Websolv*, 03 CH 15615 (Cir. Ct. Cook Co., March 6, 2008) (fax).

34. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

(1) Statutory damages;

(2) An injunction against further violations;

(3) Costs of suit;

(4) Such other or further relief as the Court deems just and proper.

### COUNT II – ILLINOIS CONSUMER FRAUD ACT

35. Plaintiff incorporates paragraphs 1-21.

36. Defendant engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by engaging in the conduct set forth above.

37. Defendant's conduct is contrary to public policy, as set forth in the TCPA.

38. Defendant's conduct is harassing and oppressive.

39. Plaintiff and each class member suffered damages as a result of receipt of the messages, in the form of the consumption of message units and memory.

40. Defendants engaged in such conduct in the course of trade and commerce.

41. Defendants should be enjoined from committing similar violations in the future.

### CLASS ALLEGATIONS

42. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with cellular numbers in the Illinois area codes (217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, and 872) (b) who, on or after a date 3

years prior to the filing of this action,(c) received automated calls from defendant (d) where defendant's records do not show that the person provided the number to the defendant or the original creditor (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call).

43. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

44. Automated dialing equipment costs thousands of dollars, and it would not make sense to acquire it unless it is used for large volumes of calls.

45. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

(1) Whether defendants engaged in a pattern of using automated equipment to place calls to cellular telephones;

(2) The manner in which defendants obtained the cell phone numbers;

(3) Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

46. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

47. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

48. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

49. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

(1) Appropriate compensatory, nominal and punitive damages;

(2) An injunction against further violations;

(3) Attorney's fees, litigation expenses and costs of suit;

(4) Such other or further relief as the Court deems just and proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                              s/ Daniel A. Edelman
                                              Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)